## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

NICHOLAS E. CALVERT,
MICHAEL MONTOYA, and
PAUL C. URODA
on their own behalf and
on behalf of all others similarly situated,

      Plaintiffs,

v.

XCEL ENERGY, INC. ,and
PUBLIC SERVICE COMPANY
OF COLORADO, INC.,
d/b/a XCEL ENERGY,

      Defendants.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT
## FOR UNPAID WAGES

---

Plaintiffs, by and through undersigned counsel, file this Class and Collective Action Complaint for Unpaid Wages against Defendant.

### STATEMENT OF THE CASE

1.    Plaintiffs and those similarly situated are currently or were formerly employed by Defendants as operations personnel employed to generate electricity at the Defendants' power plants located in Colorado.

2.    Defendants jointly employed the operations personnel in their Colorado power plants around the clock, on scheduled shifts of eight or twelve hours in duration.  Defendants required

that these workers perform shift turnover work at the beginning and end of their shifts. The Plaintiffs and other operations personnel were required to meet with the exiting worker they replaced at the beginning of their shift to receive important information about current operations of the power plant. The Plaintiffs and others were also required to meet with the oncoming worker replacing them at the conclusion of their shift to provide them with important information about current operations of the power plant.

3.      Defendants failed and refused to pay the operations personnel employed in their Colorado power plants for required shift turnover work. In so doing, Defendants failed to pay their operations personnel required minimum and overtime wages for all hours worked in violation of state and federal law.

4.      Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Minimum Wages of Workers Act (the "CMWWA"), C.R.S. § 86-101 *et. seq.,* as implemented by the Colorado Minimum Wage Order (the "Wage Order"), 7 C.C.R. 1103-1, and the Colorado Wage Claim Act (the "CWCA"), C.R.S. § 84-101 *et. seq.* as implemented by the Wage Order.

5.      Plaintiffs seek compensation for Defendants' violations of the FLSA, of the CMWWA, of the CWCA and of the Wage Order on their own behalf and on behalf of all operations personnel Defendants employed at their Colorado power plants.

## **PARTIES, JURISDICTION, AND VENUE**

6.      Plaintiff Nicholas E. Calvert has been employed by Defendants as operations personnel in their Colorado power plants since 2013. He has been assigned to work in two of Defendant's power plants.  Plaintiff Calvert has performed uncompensated shift turnover work throughout his employment at Defendants' power plants.  Plaintiff Calvert's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

7.      Plaintiff Michael Montoya has been employed by Defendants as operations personnel in their Colorado power plants since 2011. He has been assigned to work in two of Defendants' power plants.  Plaintiff Montoya performed uncompensated shift turnover work throughout his employment at Defendants' power plants.  Plaintiff Montoya's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 2.

8.      Plaintiff Paul C. Uroda was employed by Defendants as operations personnel in their Colorado power plants from approximately 1982 through 2017. He was assigned to work in two of Defendants' power plants.  Plaintiff Uroda performed uncompensated shift turnover work throughout his employment at Defendants' power plants.  Plaintiff Uroda retired and ended his employment by Defendants in 2017.  Plaintiff Uroda's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 3.

9.      Defendant Public Service Company of Colorado, Inc. is a corporation organized under the Colorado Corporations and Associations Act, with a principal street address of 1800 Larimer Street, Suite 1100, Denver, CO 80202.

10.      Xcel Energy is a registered trade name of the Defendant Public Service Company of Colorado.

11.     Defendant Xcel Energy, Inc. is a Minnesota Corporation.  Since 2000, the Public Service Corporation of Colorado has been a wholly owned subsidiary of Defendant Xcel Energy, Inc.

12.     At times relevant to this action, Defendants operated twenty-two power plants located throughout the State of Colorado.

13.     Defendants jointly employed the Plaintiffs and all similarly situated operations personnel in their Colorado power plants.

14.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

15.     Plaintiffs request that this Court exercise its supplemental jurisdiction over their claims under the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 et seq., and the Colorado Wage Claim Act, C.R.S. § 84-101 *et. seq.* as implemented by the Colorado Minimum Wage Order, 7 C.C.R. 1103-1(4).  28 U.S.C. § 1367.

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

17.  Defendants jointly employed the Plaintiffs, and all other operations personnel ("others"), in their power plants located in Colorado.

18.     Defendant Public Service Company of Colorado, Inc. negotiated the collective bargaining agreement which established the hourly pay rates of the named Plaintiffs and others.

19.      Defendant Public Service Company of Colorado, Inc. issued pay checks to the Plaintiffs and others.

20.     Defendant Xcel Energy, Inc. issued policies and procedures to Plaintiffs and others, which required them to perform the shift turnover work at issue in this case.

21.     Defendants paid the Plaintiffs and others on an hourly basis.

22.     As a matter of uniform policy, Defendants instructed the Plaintiffs and others that shift turnover work was mandatory at all shift changes.

23.     As a matter of uniform policy, Defendants instructed the Plaintiffs and others that no shift workers could leave their job responsibility until shift turnover work had been completed.

24.     Plaintiffs and others performed shift turnover work at the beginning and end of their shifts.  The Plaintiffs and others met with the exiting worker they replaced at the beginning of their shift to receive important information about current operations of the power plant.  The Plaintiffs and others met with the oncoming worker replacing them at the conclusion of their shift to provide them with important information about current operations of the power plant.

25.     As a matter of uniform policy, Defendants did not pay the Plaintiffs and others for shift turnover work.

26.     As a matter of uniform policy, Defendants instructed the Plaintiffs and others that shift turnover work would not be paid time.

27.  At all times relevant to this action, Defendants employed persons, including Plaintiffs and the class they seek to represent, within the State of Colorado.

28.  At all times relevant to this action, Plaintiffs and all others similarly situated performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiffs and others were to perform.

29.    Plaintiffs and each member of the class they seek to represent handled materials which moved in interstate commerce.

30.    Plaintiffs and each member of the class they seek to represent were employed to produce goods for sale or shipment in interstate commerce.

31.    At all times relevant to this action, Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

32.    At all times relevant to this action, Defendant Public Service Company of Colorado, Inc. d/b/a Xcel Energy sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales.

33.    At all times relevant to this action, Defendant Xcel Energy, Inc. sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

34.    The named Plaintiffs bring their Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants located in Colorado between October, 13, 2014 and the present.

35.    The relevant time period dates back three years from the date on which this

Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

36.    All potential 216(b) Class Members are similarly situated because they worked for Defendantsas operations personnel at Colorado power plants and are or were subject to Defendant' uniform policy of requiring shift turnover work and refusing to compensate the same.

## **RULE 23 CLASS ALLEGATIONS**

37.    Plaintiffs assert their Count II, III, IV & V claims as a Fed. R. Civ. P. 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

38.    Pending any modifications necessitated by discovery, Plaintiffs assert their Count II claims under the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et. seq.* ("CMWWA") on behalf of a class defined as follows:

> All individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants located in Colorado between October 13, 2014 and the present.

39.    Pending any modifications necessitated by discovery, Plaintiffs Calvert and Montoya assert their Count III claims under Section 103 of the Colorado Wage Claim Act, C.R.S. § 8-4-103 ("CWCA") on behalf of a class defined as follows:

> All individuals currently employed by Defendants who have worked as operations personnel (other than as Apprentices) at power plants located in Colorado at any time between October 13, 2014 and the present.

40.     Pending any modifications necessitated by discovery, Plaintiffs assert their Count IV claims under the Colorado Minimum Wage Order, 7 CCR 1103-1 ("Wage Order") on behalf of a class defined as follows:

> All individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants located in Colorado between October 13, 2014 and the present.

41.     Pending any modifications necessitated by discovery, Plaintiff Uroda asserts his Count V claim under Section 109 of the Colorado Wage Claim Act, C.R.S. § 8-4-109 ("CWCA") on behalf of a class defined as follows:

> All individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants located in Colorado who ceased employment by Defendants on or after October 13, 2014.

42.     This action is properly brought as a class action for the following reasons: Upon information and belief, all operations personnel Defendants employed at their Colorado power plants (1) performed shift turnover work at Defendants' direction; (2) were denied straight time minimum wages specified in the Wage Order for time spent performing that shift turnover work; (2) were denied weekly overtime premiums required by the Wage Order for overtime hours spent performing that shift turnover work; and (4) were denied daily overtime premiums for overtime hours spent performing that shift turnover work.

43.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the control of Defendants. Upon information and belief, each putative class numbers over 100 members. Membership in the classes alleged is readily ascertainable from Defendants' employment records.

44.  Numerous questions of law and fact regarding the liability of Defendants are common to the class and predominate over any individual issues which may exist. Common questions of law and of fact include: whether Defendants and the class members were covered by the minimum and overtime requirements of the Wage Order; whether any exemption from the minimum and overtime wage mandate of the Wage Order applies to Defendants or to the members of the class; whether shift turnover time was compensable; and whether unpaid shift turnover time constitutes earned vested and determinable compensation for the purposes of Colorado Wage Claim Act Sections 103 and 109 C.R.S. §§ 8-4-103, 8-4-109.

45.  The claims asserted by Plaintiffs are typical of the claims of all of the Class Members. This is an uncomplicated case of unpaid minimum and overtime wages. Each of the claims at issue arises from an express policy applicable to all members of the class. Each member of the class suffered the same violations that give rise to Plaintiffs' claims. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

46.  The representative Plaintiffs will fairly and adequately protect the interests of the members of the class. Because all class members were subject to the same violations of law perpetrated by Defendant, the interests of class members are coincident with, and not antagonistic to, those of Plaintiffs. The representative Plaintiffs will litigate their claims fully.

47.  The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

48.  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would

establish incompatible standards of conduct for Defendants. If Defendants' shift turnover policies were unlawful as applied to the representative Plaintiffs, then they were unlawful as applied to the absent members of the putative class as well. If the challenged policies were lawful as applied to the representative Plaintiffs, then they were lawful as to the absent members of the class.

49. Those class members who worked for Defendants for short periods of time have small claims which they are unlikely to bring individually. All members of the class have claims which are factually very similar and legally identical to Plaintiffs'. Thus, the interest of members of the class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA and the CWCA and the Wage Order counsel toward vindicating the rights of those employees with small claims as part of the larger class.

50. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

51. It is desirable to concentrate this litigation in this forum because Defendant Public Service Corporation of Colorado resides in this Judicial District, because all Defendants regularly transact business in this Judicial District and because all claims arose in this Judicial District.

52. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

53. The contours of the class will be easily defined by reference to the payroll documents Defendantswere required to create and maintain. Notice will be easily distributed as all members of the putative class are or were recently employed by Defendants and Defendants were required

to create and maintain records containing the mailing addresses of such class members.  7 CCR 1103-1:12(a); 29 C.F.R. § 516.2(a)(2).

## COUNT I
## Fair Labor Standrads Act (29 U.S.C. § 201 *et seq.)*

54.  Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-33 above as if fully set forth herein.

55.  This Count is asserted by all Plaintiffs.

56.  As set forth in ¶¶ 34-36 *supra,* Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

57.  Plaintiffs were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

58.  Defendants "employed" the Plaintiffs as that term is defined by the FLSA. 29 U.S.C. § 203(g).

59.  Defendants were Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

60.  Defendants jointly employed the Plaintiffs and others similarly situated.  29 C.F.R. § 791.2(a).

61.  Defendants employed the named Plaintiffs and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

62.  Defendants violated the FLSA when they failed to pay the Plaintiffs and others overtime wages for all hours worked beyond forty in a given workweek. 29 U.S.C. § 207.

63.  Defendants failed to pay overtime wages for the time Plaintiffs and others spent performing shift turnover work.

64.  Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

65.     Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

66.     Plaintiffs and others are entitled to recover unpaid overtime premiums liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

**COUNT II**
**Colorado Minimum Wages of Workers Act (C.R.S. §§ 8-6-101, *et seq.)*** **as implemented by the Colorado Minimum Wage Order (7 CCR 1103-1)**

67.     Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-33 and 37-53 above as if fully set forth herein.

68.     All Plaintiffs assert this count.

69.     As set forth in ¶¶ 37-53 above, the Plaintiffs bring this claim on behalf of themselves and of a class consisting of all individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants in Colorado between October 13, 2014 and the present.

70.     Defendants were Plaintiffs' and others' "employer" as that term is defined by the Wage Order because they employed Plaintiffs and others in Colorado. 7 C.C.R. 1103-1(2).

71.     Plaintiffs and others were Defendants' "employees" as that term is defined by the Wage Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

72.      Defendant Public Service Company of Colorado, Inc. d/b/a Xcel Energy sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

73.     Defendant Xcel Energy, Inc. sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

74.     Defendants violated the CMWWA as implemented by the Wage Order, when they failed to pay Plaintiffs and others minimum straight time wages for all hours worked in each given work day. 7 CCR 1103-1(3)

75.     This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for time spent performing shift turnover work.

76.     Defendants violated the CMWWA as implemented by the Wage Order, when they failed to pay Plaintiffs and others overtime wages for hours worked over forty in each given workweek. 7 CCR 1103-1(4).

77.     This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for overtime hours over forty in a workweek, spent performing shift turnover work.

78.     Defendants violated the CMWWA as implemented by the Wage Order, when they failed to pay Plaintiffs and others overtime wages for hours worked over twelve in each given work day. 7 CCR 1103-1(4).

79.     This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for overtime hours over twelve in a workday, spent performing shift turnover work.

80.     As a result of these violations, Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

81.     Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of wages they are owed, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R. 1103-1(18).

## COUNT III
## <u>Section 103 Colorado Wage Claim Act (C.R.S. §§ 8-4-103)</u>

82. Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-33 and 37-53 above as if fully set forth herein.

83. Plaintiffs Calvert and Montoya assert this count. Plaintiff Uroda does not assert this count.

84. As set forth in ¶¶ 37-53 above, Plaintiffs Calvert and Montoya bring this claim on behalf of themselves and of a class consisting of all individuals currently employed by Defendants who have worked as operations personnel (other than as Apprentices) at power plants located in Colorado at any time between October 13, 2014 and the present.

85. Defendants were Plaintiffs' and others' "employer" as that term is defined by the CWCA and by the Wage Order because they employed Plaintiffs and others in Colorado. C.R.S. § 8-4-101(5); 7 CCR 1103-1(2).

86. Plaintiffs and others were Defendants' "employees" as that term is defined by the CWCA and by the Wage Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. C.R.S. § 8-4-101(4); 7 CCR 1103-1(2).

87. Defendant Public Service Company of Colorado, Inc. d/b/a Xcel Energy sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

88. Defendant Xcel Energy, Inc. sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

89.    Section 103 of the Colorado Wage Claim Act requires that all earned wages or compensation be paid when earned, on regular pay days.  C.R.S. § 8-4-103(1)(a).

90.    The Colorado Minimum Wage Order required that Defendantspay the Plaintiffs and others minimum straight time wages at specified rates for all hours worked in each given work day. 7 CCR 1103-1(3).

91.    Defendants violated CWCA Section 103 as implemented by the Wage Order, when it failed to pay Plaintiffs and others minimum straight time wages for all hours worked in each given work day. C.R.S. § 8-4-103(1)(a); 7 CCR 1103-1(3).

92.    This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for time spent performing shift turnover work.

93.    The Colorado Minimum Wage Order required that Defendants pay the Plaintiffs and others overtime time wages at time and one-half of the regular rate of pay for all hours worked over forty in a given workweek. 7 CCR 1103-1(4).

94.    Defendants violated CWCA Section 103 as implemented by the Wage Order, when they failed to pay Plaintiffs and others overtime wages for hours worked over forty in each given workweek. C.R.S. § 8-4-103(1)(a); 7 CCR 1103-1(4).

95.    This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for overtime hours over forty in a workweek, spent performing shift turnover work.

96.    The Colorado Minimum Wage Order required that Defendants pay the Plaintiffs and others overtime time wages at time and one-half of the regular rate of pay for all hours worked over twelve in a given workday. 7 CCR 1103-1(4).

97.    Defendants violated CWCA Section 103 as implemented by the Wage Order, when they failed to pay Plaintiffs and others overtime wages for hours worked over twelve in each given work day. 7 CCR 1103-1(4).

98.    This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for overtime hours over twelve in a workday, spent performing shift turnover work.

99.    Defendants violated CWCA Section 103 when they failed to pay Plaintiffs and others all earned wages or compensation due as a result of time spent performing shift turnover work when earned, on regular pay days.  C.R.S. § 8-4-103(1)(a).

100.    As a result of these violations, Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

101.    Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of wages they are owed, together with reasonable attorney fees and court costs. C.R.S. § 8-4-110; 7 C.C.R. 1103-1(18).

### COUNT IV
### Colorado Minimum Wage Order (7 CCR 1103-1)

102.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-33 and 37-53 above as if fully set forth herein.

103.    All Plaintiffs assert this count.

104.    As set forth in ¶40 above, the Plaintiffs bring this claim on behalf of themselves and of a class consisting of all individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants located in Colorado between October 13, 2014 and the present.

105.    Defendants were Plaintiffs' and others' "employer" as that term is defined by the Wage Order because they employed Plaintiffs and others in Colorado. 7 C.C.R. 1103-1(2).

106.    Plaintiffs and others were Defendants' "employees" as that term is defined by the Wage Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

107.    Defendant Public Service Company of Colorado, Inc. d/b/a Xcel Energy sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

108.    Defendant Xcel Energy, Inc. sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

109.    Defendants violated the Wage Order, when they failed to pay Plaintiffs and others minimum straight time wages for all hours worked in each given work day. 7 CCR 1103-1(3)

110.    This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for time spent performing shift turnover work.

111.    Defendants violated the Wage Order, when they failed to pay Plaintiffs and others overtime wages for hours worked over forty in each given workweek. 7 CCR 1103-1(4).

112.    This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for overtime hours over forty in a workweek, spent performing shift turnover work.

113.    Defendants violated the Wage Order, when they failed to pay Plaintiffs and others overtime wages for hours worked over twelve in each given work day. 7 CCR 1103-1(4).

114.    This violation resulted from Defendants' failure and refusal to pay Plaintiffs and others for overtime hours over twelve in a workday, spent performing shift turnover work.

115.    As a result of these violations, Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

116.    Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1(18).

## COUNT V
## Section 109 Colorado Wage Claim Act (C.R.S. §§ 8-4-109)

117.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-33 and 37-53 above as if fully set forth herein.

118.    Plaintiff Uroda asserts this count.  Plaintiffs Calvert and Montoya do not assert this count.

119.    As set forth in ¶41 above, Plaintiff Uroda brings this claim on behalf of himself and of a class consisting of all individuals employed by Defendants as operations personnel (other than as Apprentices) at power plants located in Colorado who ceased employment by Defendants on or after October 13, 2014.

120.    Defendants were Plaintiffs Uroda's and others' "employer" as that term is defined by the CWCA and by the Wage Order because they employed Plaintiffs and others in Colorado. C.R.S. § 8-4-101(5); 7 CCR 1103-1(2).

121.    Plaintiff Uroda and others were Defendants' "employees" as that term is defined by the CWCA and by the Wage Order because they performed labor for the benefit of Defendants

in which Defendants commanded when, where, and how much labor or services would be performed. C.R.S. § 8-4-101(4); 7 CCR 1103-1(2).

122. Defendant Public Service Company of Colorado, Inc. d/b/a Xcel Energy sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

123. Defendant Xcel Energy, Inc. sold power to the consuming public and generated 50% or more of its annual dollar volume of business from such sales, and was therefore regulated by the Wage Order. 7 C.C.R. 1103-1(2)(A).

124. Section 109 of the Colorado Wage Claim Act requires that all earned wages or compensation be paid upon separation from employment. C.R.S. § 8-4-109(1).

125. The Colorado Minimum Wage Order required that Defendants pay Plaintiff Uroda and others minimum straight time wages at specified rates for all hours worked in each given work day. 7 CCR 1103-1(3).

126. Defendants violated CWCA Section 109 as implemented by the Wage Order, when they failed to pay Plaintiff Uroda and others, upon separation from employment, their minimum straight time wages for all hours worked in each given work day. C.R.S. § 8-4-109(1); 7 CCR 1103-1(3).

127. This violation resulted from Defendants' failure and refusal to pay Plaintiff Uroda and others for time spent performing shift turnover work.

128. The Colorado Minimum Wage Order required that Defendants pay Plaintiff Uroda and others overtime time wages at time and one-half of the regular rate of pay for all hours worked over forty in a given workweek. 7 CCR 1103-1(4).

129.    Defendants violated CWCA Section 109 as implemented by the Wage Order, when they failed to pay Plaintiff Uroda and others overtime wages for hours worked over forty in each given workweek. C.R.S. § 8-4-109(1); 7 CCR 1103-1(4).

130.    This violation resulted from Defendants' failure and refusal to pay Plaintiff Uroda and others for overtime hours over forty in a workweek, spent performing shift turnover work.

131.    The Colorado Minimum Wage Order required that Defendants pay the Plaintiffs and others overtime time wages at time and one-half of the regular rate of pay for all hours worked over twelve in a given workday. 7 CCR 1103-1(4).

132.    Defendants violated CWCA Section 109 as implemented by the Wage Order, when they failed to pay Plaintiff Uroda and others overtime wages for hours worked over twelve in each given work day. C.R.S. § 8-4-109(1); 7 CCR 1103-1(4).

133.    This violation resulted from Defendants' failure and refusal to pay Plaintiff Uroda and others for overtime hours over twelve in a workday, spent performing shift turnover work.

134.    Defendants violated CWCA Section 109 when they failed to pay Plaintiffs and others all earned, vested and determinable wages or compensation due as a result of time spent performing shift turnover work upon separation from employment.  C.R.S. § 8-4-109.

135.    The compensation for shift turnover work which Defendants denied Plaintiff Uroda and others similarly situated constitute earned wages or other compensation owing the Plaintiffs. C.R.S. § 8-4-109(1).

136.    As a result of the violations described above, Plaintiff Uroda and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

137.    Plaintiff Uroda and others are entitled to recover in this civil action the unpaid balance of the full amount of wages and compensation they are owed, together with reasonable attorney fees and court costs. C.R.S. §§ 8-4-109(3), 8-4-110; 7 C.C.R. 1103-1(18).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that:

As to their Count I claim brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. Plaintiffs and the 216(b) Class be awarded unpaid overtime wages;

c. Plaintiffs and the 216(b) Class be awarded liquidated damages as required by law;

d. Plaintiffs and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

e. Plaintiffs and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. Plaintiffs and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

As to their Count II Claim brought under the CMWWA as implemented by the Wage Order, Plaintiffs respectfully request an Order from the Court that:

a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b. Plaintiffs Calvert, Montoya and Uroda be certified as class representatives of the Rule 23 Class defined in ¶ 38 *supra*;

c. Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e.   Plaintiffs Calvert, Montoya, Uroda and the Rule 23 Class be awarded the unpaid balance of the full amount wages due, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R. 1103-1(18). C.R.S. § 8-6-118; 7 CCR 1103-1(18).

    f.   Plaintiffs Calvert, Montoya, Uroda and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to their Count III Claim brought under CWCA Section 103 as implemented by the Wage Order, Plaintiffs respectfully request an Order from the Court that:

    a.   This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.   Plaintiffs Calvert and Montoya be certified as class representatives of the Rule 23 Class defined in ¶ 39 *supra*;

    c.   Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e.   Plaintiffs Calvert and Montoya and the Rule 23 Class be awarded the unpaid balance of the full amount of wages and compensation due, together with reasonable attorney fees and court costs. C.R.S. § 8-4-110; 7 C.C.R. 1103-1(18).

    f.   Plaintiffs Calvert and Montoya and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to their Count IV Claim brought under the Wage Order, Plaintiffs respectfully request an Order from the Court that:

    a.   This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.   Plaintiffs be certified as class representatives of the Rule 23 Class as defined in ¶ 40 *supra*;

17

    c.   Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e.   Plaintiffs and the Rule 23 Class be awarded the unpaid balance of the full amount of wages owed them together with reasonable attorney fees and court costs.. 7 CCR 1103-1(18).

    f.   Plaintiffs and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to their Count V Claim brought under CWCA Section 109 as implemented by the Wage Order, Plaintiffs respectfully request an Order from the Court that:

    a.   This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.   Plaintiff Uroda be certified as class representative of the Rule 23 Class defined in ¶ 41 *supra*;

    c.   Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e.   Plaintiff Uroda and the Rule 23 Class be awarded the unpaid balance of the full amount of wages and compensation due, together with reasonable attorney fees and court costs. C.R.S. § 8-4-110; 7 C.C.R. 1103-1(18).

    f.   Plaintiff Uroda and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully Submitted,


*/s/ Andrew H. Turner*
Andrew H. Turner
Naomi Y. Perera
Ellen M. Kelman
THE KELMAN BUESCHER FIRM
600 Grant Street – Suite 450
Denver, CO 80203
Tel: (303)-333-7751
Fax: (303)-333-7758
aturner@laborlawdenver.com
nperera@laborlawdenver.com
ekelman@laborlawdenver.com