# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:17-cv-02458-RBJ

NICHOLAS E. CALVERT,
MICHAEL MONTOYA, and
PAUL C. URODA, on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

XCEL ENERGY, INC. and
PUBLIC SERVICE COMPANY OF COLORADO, INC. d/b/a XCEL ENERGY,

      Defendants.

---

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

---

WHEREAS on October 13, 2017, Plaintiffs Nicholas E. Calvert, Michael Montoya, and Paul C. Uroda (the "Named Plaintiffs") filed the above pending captioned civil action in the United States District Court for the District of Colorado against Defendants Xcel Energy Inc. and Public Service Company of Colorado, Inc. d/b/a Xcel Energy ("Defendants"), on behalf of themselves and other similarly-situated current and former employees of Defendants (the "Lawsuit")[1];

WHEREAS, in the Complaint, the Named Plaintiffs assert, on behalf of themselves and a proposed class of employees and former employees, violations of the Fair Labor Standards Act ("FLSA"), the Colorado Minimum Wages of Workers Act, as implemented by the Colorado Minimum Wage Order ("CMWWA"), the Colorado Wage Claim Act ("CWCA"), and the

---

[1] Defendant Xcel Energy Inc. contends that it does not have any employees.

Colorado Minimum Wage Order ("CMWO"), and seek straight time and overtime wages for Defendants' alleged failure to pay for shift turnover work allegedly due;

WHEREAS, Defendants deny all allegations and assert that all employees were properly paid at all times;

WHEREAS, the Parties conducted a settlement conference in Denver, Colorado, on February 15, 2018, and, thereafter, continued to discuss a possible resolution of this matter with the assistance of mediator, Adrienne Fechter;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that could have been brought in the Lawsuit;

**NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:**

**DEFINITIONS**.  The defined terms set forth in this Agreement have the meanings ascribed to them below.

    1.1.    **Class Members or Settlement Class**. Class Members or Settlement Class shall mean all current and former employees who worked for Defendant Public Service Company of Colorado, Inc. in one of its generating stations in Colorado during the Class Period defined below in any of the following "Qualifying Positions:"  1) Control Specialist; 2) Plant Operator A; 3) Plant Specialist A; and 4) Plant Specialist B.  Any employee working in the role of apprentice is excluded from the Settlement Class for the time worked as an apprentice.  If there is any dispute regarding whether any employee regularly worked in a Qualifying Position during the relevant time period, the individual employment and payroll records maintained by Defendants as to that employee will be presumed accurate absent clear and convincing evidence to the contrary.  As explained below, the Parties will seek Rule 23 certification of the Settlement Class for settlement purposes only.

1.2. **Rule 23 Class**. Rule 23 Class means all Class Members who do not timely exclude themselves from this Settlement Agreement as set forth in paragraph 13 *infra*.

1.3. **Class Period**. Class Period is defined as the period from October 13, 2014 until the date this proposed Settlement Agreement is signed by the Named Plaintiffs and Defendants.

1.4. **Non-participating Class Member**. Non-Participating Class Member means a Class Member who timely follows the procedure specified in paragraph 13 *infra* and in the Class Notice approved by the Court to validly "opt out" of the Settlement.

1.5. **FLSA Collective Action Members**. FLSA Collective Action Members means all Class Members who timely file a FLSA Opt-in Form indicating their intention to opt-in to this action.

1.6. **FLSA Claims**. FLSA Claims shall refer to all wage and hour claims arising under the FLSA and federal law, including, without limitation, claims for unpaid overtime, minimum wage violations, and liquidated damages.

1.7. **FLSA Opt-in Form**. FLSA Opt-in Form shall refer to the claim form that a Class Member must sign and return to the Settlement Administrator to receive the portion of compensation attributed to the FLSA portion of this settlement which shall be known for purposes of this agreement only as "Liquidated Damages Compensation" as described in paragraph 1.20. *infra*. The Parties' proposed FLSA Opt-in Form is attached hereto as Exhibit B and will accompany the approved Class Notice.

1.8. **Class Notice**. Class Notice means the Court-approved Class Notice of Proposed Settlement of Class Action and Collective Action Lawsuit, Conditional Certification of the Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, attached to this Agreement as Exhibit A and will be accompanied by the approved FLSA Opt-in Form.

1.9. **Class Counsel**. Andrew H. Turner, Ellen M. Kelman and Naomi Y. Perera of The Kelman Buescher Firm.

1.10. **Defendants' Counsel.** Stephanie L. Adler-Paindiris and Ryan P. Lessmann of Jackson Lewis P.C.

1.11. **The Parties.** The Parties means the Settlement Class (including the Named Plaintiffs) and Defendants, collectively.

1.12. **Fairness Hearing**. Fairness Hearing means the hearing before the Court relating to the Motion for Final Approval.

1.13.    **Final Approval**. Final Approval means that the Settlement has been finally approved by the Court and either: (1) upon timely appeals, the United States Court of Appeals for the Tenth Circuit has declined to consider, affirmed, or otherwise approved the Court's Final Approval and the applicable date for seeking further appellate review has passed; or (2) the applicable date for seeking appellate review of the Court's Final Approval of the Settlement has passed without timely appeal or request for review having been made and cannot be extended.

1.14.    **Final Approval Order**. Final Approval Order means the Order entered by the Court after the Fairness Hearing that approves the material terms and conditions of this Agreement and the distribution of the Settlement Checks and Enhancement Award, and that dismisses the Lawsuit, with prejudice.

1.15.    **Settlement Fund.**    Settlement Fund means the full $1,400,000.00 settlement amount to be paid by Defendants pursuant to this Settlement Agreement in satisfaction of all Rule 23 Claims and all FLSA claims.

1.16.    **Net Settlement Fund**. The Net Settlement Fund means the full $1,400,000.00 settlement amount to be paid by Defendants pursuant to this Settlement Agreement less deductions for: (1) Court-approved attorneys' fees and costs for Class Counsel; and (2) Court-approved Enhancement Awards to Named Plaintiffs.  Funds sent as Rule 23 Wage Compensation which are not cashed by any Rule 23 Class Member within 90 days from the date of the check remain the property of the Defendants. Funds allocated to class members who either do not opt-in to the FLSA Claims or opt-in to the FLSA Claims but fail to cash the check within 90 days of the date of the check remain the property of Defendants.

1.17.    **Opt-out Period**. The Opt-out Period will be a date sixty (60) days from the mailing of the Class Notice to the Class Members.

1.18.    **State Claims or Rule 23 Claims**. State Claims or Rule 23 Claims shall refer to all wage and hour claims, including, without limitation, claims for unpaid overtime and minimum wage violations, arising under the laws of any state, including, but not limited to, the State of Colorado.

1.19.     **Rule 23 Wage Compensation.**  Rule 23 Wage Compensation means wages paid in satisfaction of State Claims for allegedly unpaid minimum or overtime wages. Fifty percent of the Net Settlement Fund shall constitute Rule 23 Wage Compensation.

1.20.    **Liquidated Damages Compensation.**  Liquidated Damages Compensation means liquidated damages available only to those Class Members who file a FLSA Opt-in Form, becoming FLSA Collective Action Members and releasing their FLSA claims.  Fifty percent of the Net Settlement Fund shall constitute Liquidated Damages Compensation.

1. This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the Named Plaintiffs, individually and on behalf of themselves and the Settlement Class and Defendants and sets forth the terms and conditions of the settlement of the Lawsuit (the "Settlement"). This Settlement is subject to the approval of the Court.

**NO ADMISSION**

2. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, willfulness, lack of good faith, or wrongdoing on the part of Defendants. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or their employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever. Specifically, Defendant Xcel Energy, Inc. denies that it employs any individuals and further contends that it was incorrectly named in this action.

3. In addition, and also without limiting the generality of the foregoing, nothing about this Settlement Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Lawsuit or any other action for

adversarial, rather than settlement purposes.  While Defendants have agreed that class certification is appropriate for settlement purposes, this stipulation is for purposes of this Settlement only and Defendants maintain that class certification would be inappropriate if the Parties were to continue litigating the Lawsuit.  If the Settlement Agreement is not finally approved by the Court, Defendants' stipulation to certification of the above class for settlement purposes only shall be null and void and may not be used or relied upon by the Named Plaintiffs, Class Counsel, or any Class Member for any purposes.

## INVESTIGATION AND APPROVAL BY CLASS COUNSEL AND DEFENSE COUNSEL

4.  Class Counsel and Defendants' Counsel, respectively, have conducted extensive discovery and investigated the facts relating to the claims alleged, and have made a thorough study of the legal principles applicable to the claims asserted against Defendants.  Class Counsel have conducted a thorough investigation into the facts relevant to the various claims, including an extensive review of voluminous documents and data produced to the Named Plaintiffs, and have diligently pursued investigation and prosecution of Class Members' claims against Defendants.  Class Counsel expressly acknowledge that there are differences and disputes, stated and unstated, between the Parties as to various discovery matters.  Class Counsel have exercised their independent judgment and have determined that this Settlement Agreement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of their investigation, uncertainty as to

facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by Defendants.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendants on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs  and Class Members. Defendants and Defendants' Counsel also agree that this Settlement Agreement is reasonable and fair.

5. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement Agreement and to dismiss the Lawsuit with prejudice upon complete performance of the terms and conditions of the Settlement Agreement.

**SETTLEMENT AMOUNTS AND ALLOCATION**

6. Defendants agree to pay $1,400,000.00 (One Million Four Hundred Thousand Dollars and Zero Cents), inclusive of attorneys' fees, expenses/costs, and Enhancement Awards to the Named Plaintiffs, to settle the Lawsuit.  This sum shall be referred to herein as the "Settlement Fund."  Defendants shall not be required to set aside, deposit or transfer any funds until after the Settlement Effective Date as defined below.

7. **Settlement Effective Date.**  The Settlement Agreement shall become effective on the "Settlement Effective Date," which is defined as the later of: (1) the date when the time for appeal of the Court's final approval of this Settlement Agreement has expired; or (2) the date of the final resolution or dismissal of any appeal or other judicial review of the Settlement Agreement if an appeal has been filed.

8. **Payments Out of the Settlement Fund.**

    a. **Administration of Settlement.** Defendants have the sole discretion to choose a settlement administrator to administer the settlement ("Settlement Administrator"); any such costs to be borne by Defendants.  No portion of such costs will be paid from the Settlement Fund.

    b. **Determination of Each Class Member's Share of the Net Settlement Fund:** The Net Settlement Fund shall be allocated among the Rule 23 Class Members; Non-Participating Class Members shall not receive an allocation from the Net Settlement Fund.  Rule 23 Class Members who also become FLSA Collective Action Members will receive a further allocation from the Net Settlement Fund in the form of Liquidated Damages Compensation.    Defendants and Counsel for the Named Plaintiffs and Class Members have agreed upon the amounts of the Net Settlement Fund available to each Class Member as Rule 23 Compensation and as Liquidated Damages Compensation.  Those individual amounts of are set forth in Exhibit C to this Agreement.

c. **Opt-in and Claims Procedure:**

i. **Allocation of Net Settlement Fund:** Fifty percent of the Net Settlement Fund shall constitute Rule 23 Wage Compensation. Fifty percent of the Net Settlement Fund shall constitute Liquidated Damages Compensation.

ii. Within 10 days after Preliminary Approval of this Settlement Agreement, the Administrator shall issue the notice approved by the Court, together with a FLSA Opt-in form, to each Class Member.

iii. **Non-Participating Class Members.** Those Non-Participating Class Members who opt-out or exclude themselves from this Settlement Agreement (as specified in paragraph 13 below) will not be entitled to Rule 23 Wage Compensation, or to Liquidated Damages Compensation.

iv. **Rule 23 Class Members.** All Rule 23 Class Members who do not opt-out or exclude themselves from this Settlement Agreement (as specified in paragraph 13 below) will be entitled to Rule 23 Wage Compensation in the gross individual amount indicated on Exhibit C to this Settlement Agreement.

v. **FLSA Collective Action Members.** Class Members become FLSA Collective Action Members by timely returning an executed FLSA opt-in form (releasing their FLSA claims) within 60 days after mailing, and

9

will be entitled to both Rule 23 Wage Compensation and Liquidated Damages Compensation in the gross individual amounts indicated on Exhibit C to this Settlement Agreement.

vi. **Fully Participating Class Action Member.** Class Members who are Rule 23 Class Members and FLSA Collective Action Members.

vii. **Required Minimum FLSA Collective Action Participation Rate.** In the event that less than 60% of Class Members timely return executed FLSA Opt-in Forms, this Settlement Agreement may be voided in its entirety, in the sole discretion of Defendants, before Final Approval is sought.

viii. **Tolling of FLSA Claims:** Effective on the date this Settlement Agreement is signed by the Named Plaintiffs and Defendants, the Tolling Agreement ratified by counsel for the parties on December 15, 2017 is withdrawn.

d. **Attorneys' Fees and Expenses/Costs:** Class Counsel will apply to the Court (and Defendants will not oppose) for payment from the Settlement Fund of no more than $210,000.00 in attorneys' fees, which amounts to a total of approximately 15% percent of the Settlement Fund, and litigation expenses/costs. The total attorneys' fees and expenses/costs actually paid from the Settlement Fund will be as approved by the Court in its Final Order. The

enforceability of this Settlement Agreement is contingent on the approval of the above-stated amount of attorneys' fees and expenses/costs awarded.

e. **Enhancement Award to Three Named Plaintiffs:** Class Counsel will apply to the Court (and Defendants will not oppose) for a payment from the Settlement Fund of $10,000 (Ten Thousand Dollars and Zero Cents) to each of the three Named Plaintiffs for a total of $30,000 (Thirty Thousand Dollars and Zero Cents) in total enhancements, in recognition of their role and participation as Named Plaintiffs providing information and assistance to Class Counsel and the release of their claims. These amounts shall be in addition to their shares from the Net Settlement Fund. The enforceability of this Settlement Agreement is contingent on approval of the above-stated Enhancement Award by the Court. In further consideration of the Enhancement Award, the three Named Plaintiffs shall execute a general release of all claims.

f. **Tax Allocations:** The Settlement Funds paid to each Fully Participating Class Member, not including any enhancements paid to the Named Plaintiffs, shall be allocated as follows: (1) 50 percent of the total payment to each Fully Participating Class Member shall be allocated to Rule 23 Wage Compensation claims; and (2) 50 percent of the total payment to each Fully Participating Class Member shall be allocated to Liquidated Damages Compensation. The Rule 23 Wage Compensation portion shall be subject to deductions as required by law. The Liquidated Damages Compensation portion shall be paid without

deductions, but a Form 1099 will be issued as required by law. All employer-paid and due taxes on the wage portions of this Settlement Agreement shall be paid by Defendants, and no portion of said taxes shall be drawn from the Settlement Fund. If a Rule 23 Class Member does not become a Fully Participating Class Member, that individual will receive the Rule 23 Wage Compensation set forth in Exhibit C (subject to appropriate tax withholding) but will not receive the Liquidated Damages Compensation amount set forth in Exhibit C. All such payments to Rule 23 Class Members who do not become Fully Participating Class Members shall be allocated to Rule 23 Wage Compensation claims.

g. **Tax Reporting:** Defendants shall provide to their selected Class Administrator, who will in turn provide to each Class Member receiving a payment from the Settlement Fund an IRS Form W-2 (for Rule 23 Wage Compensation) and an IRS Form 1099-MISC (for Liquidated Damages Compensation). Defendants shall provide the Named Plaintiffs, either directly or through an Administrator if one is utilized, an IRS Form 1099-MISC for any Enhancement Awards received. Defendants will provide Class Counsel with an IRS Form 1099 for the attorneys' fees awarded to Class Counsel. The IRS Form 1099-MISC issued to each of the three Named Plaintiffs shall also report $70,000.00 in "Box 14" to reflect his pro-rata share of gross proceeds paid to Plaintiffs' counsel in this matter.

h.   All funds not claimed by Class Members shall remain the property of Defendants as provided in paragraphs 14, 18c, 26 and 27 below.  The cashing of any check for Rule 23 Compensation shall constitute a valid claim for the purposes of this paragraph.  A Class Member's timely submission of an executed FLSA Opt-in form will constitute a valid claim for FLSA Liquidated Damages Compensation.

**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

9.   Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order:

a.   Preliminarily approving the Settlement Agreement;

b.   Certifying the FLSA and Rule 23 classes for purposes of the notice and claims process only and determining whether the terms of this Settlement Agreement are fair;

c.   Certifying Named Plaintiffs Nicholas Calvert, Michael Montoya, and Paul Uroda as representative Plaintiffs under 29 U.S.C. § 216(b) and as class representatives under Fed. R. Civ. P. 23, for purposes of settlement only;

d.   Appointing Class Counsel as counsel for the Rule 23 Class;

e.   Approving the form and content the proposed Notice attached hereto as Exhibit A;

f.   Approving as to form and content the proposed FLSA Opt-in Form attached hereto as Exhibit B.

g.   Directing the mailing of the Notice by the Settlement Administrator, by first class mail, to the Class Members; and

h.   Scheduling a fairness hearing (the Final Approval Hearing) following the close of the claims period at which final approval of the Settlement Agreement will be sought.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

10. **Notice to the Class Members.** A Notice, including a Claim Form, substantially in the form attached hereto as Exhibits A and B, respectively, and approved by the Court, including any modifications at the direction of the Court (the "Notice") shall be sent by the Settlement Administrator to the Settlement Class, by first-class mail, within thirty (30) business days after entry of the order of preliminary approval of the Settlement Agreement.

11. Any Notice returned as undeliverable shall be sent to the forwarding address affixed thereto.  If no forwarding address is provided, the Settlement Administrator shall perform a standard electronic search, including, but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and shall resend the Notice to that address.  The Parties agree that the deadlines contained herein shall not be extended for Class Members whose Notices were returned

as undeliverable and re-mailed pursuant to this paragraph. Class Counsel and representatives of IBEW Local #111, the labor union representing a portion of the Plaintiff Class, shall be permitted to distribute the approved notice and FLSA Opt-in Forms to members of the Class, and to collect ratified FLSA Opt-in Forms from them. No Class Member shall be subject to any coercion or retaliation of any kind based on their decision to participate or not to participate in or claim funds provided by this Settlement Agreement.

12. Class Members will have 60 days from the date of first mailing of the Notice (the "Notice and Response Period") within which to return their Claim Forms to the Settlement Administrator. Any Claim Forms must actually be received by the Settlement Administrator on or before the 60th day from the date of first mailing in order for the Class Member to be entitled to receive Liquidated Damages Compensation.

13. Anyone who wishes to be excluded from the Settlement Class must request to be excluded in writing prior to conclusion of the Notice and Response Period. If they affirmatively request to be excluded in a timely manner, their claims will be dismissed without prejudice, and their Settlement allocations shall be deemed as unclaimed ("Unclaimed Funds") and remain the property of Defendants.

14. Any Class Member who receives the Notice, other than the Named Plaintiffs, may object to this Settlement, provided that such objections are made in writing and filed with the Court and served on Class Counsel who shall provide a copy to Defendants'

counsel within 2 business days after receipt. In order for his or her objection to be considered, the Class Member must file a timely objection with the Court, stating his or her name and address, the title of the Lawsuit, a description of his or her objections, the reasons for the objections, a statement about whether or not the objector or his or her lawyer will appear at the Final Approval Hearing, and his or her signature. No individual may be heard at the Final Approval Hearing who has not complied with this requirement. Any individual who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the Settlement.

15. None of the Parties, their counsel, or any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement, to request exclusion from the Settlement Class, or to appeal from any order of the Court that is consistent with the terms of this Settlement.

16. Upon receipt, counsel for the Parties shall promptly exchange with one another and file with the Court copies of all objections, exclusions and/or challenges to the Settlement or any part thereof.

17. **Effect of response or non-response.**

   a. Each Rule 23 Class Member shall be bound by the Rule 23 class release and the dismissal with prejudice, and shall be entitled to a distribution of Rule 23 Compensation under this Settlement Agreement.

b.  Each FLSA Collective Action Member shall be bound by the FLSA release, and the dismissal with prejudice, and shall be entitled to a distribution of Liquidated Damages Compensation under this Settlement Agreement. Class Members who do not submit a FLSA Opt-in Form consenting to be party plaintiffs will not be a Member of the FLSA Collective Action; in the event any such person asserts any FLSA claim in the future, the preclusive effect of this Settlement and dismissal with prejudice on any such FLSA claim would be determined by the court in which such claim is brought.

c.  Each Non-Participating Class Member who timely requests to be excluded from the Settlement Class and is excluded from the Settlement Class by the Court as provided in Fed. R. Civ. P. 23(c)(2)(B)(v) shall not be bound by the Rule 23 class release, the FLSA release, or the dismissal with prejudice, and shall not be entitled to a distribution under this Settlement Agreement.  In the event that any Class Member returns a FLSA Opt-in Form and also timely requests to be excluded, that Class Member must elect whether to participate in the Settlement and withdraw his or her request for exclusion, or to not participate in the Settlement and withdraw his or her Claim Form.  In the event that the Class Member fails or refuses to so elect, his or her request for exclusion will take priority over his or her FLSA Opt-in Form, and he or she shall be excluded from the Settlement Class and shall not receive any funds.

18. All Unclaimed Funds from the Settlement Class will revert to Defendants. These Unclaimed Funds will be those amounts listed on Exhibit C to this Settlement Agreement which are (i) Rule 23 Compensation due to Rule 23 Class Members who fail to cash their checks within 90 days after issuance, (ii) all funds due to Non-Participating Class Members excluded from the Settlement Class as provided above; and/or (iii) Liquidated Damages Compensation due to Class Members who do not submit a FLSA Opt-in Form to become FLSA Collective Action Members.

19. Within thirty (30) days after the expiration of the Notice and Response Period, and at least fifteen (15) days prior to the final fairness hearing, the Parties will file jointly a motion for final approval of the Settlement. In connection with that motion, Class Counsel shall file with that motion a declaration by Class Counsel outlining the completion of the notice distribution plan. Class Counsel shall also file with that motion lists of the names of (1) the Class Members who executed and returned FLSA Opt-in Forms, (2) the Non-Participating Class Members who requested to be excluded from the Settlement Class as provided in the Notice, and (3) the Class Members who submitted objections as provided in the Notice. Class Counsel shall also file with that motion copies of all executed and returned FLSA Opt-in Forms, as well as copies of any requests for exclusion and copies of any objections. Class Counsel will file at that time a separate motion for an award of attorneys' fees and reimbursement of expenses/costs as provided herein. The motion for final approval will apply to the Court for an Order finally approving the Settlement as fair, adequate and reasonable, and will submit a proposed final order and judgment that accomplishes the following:

    a.   Approves the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions

    b.   Approves the Enhancement Awards of $10,000.00 to each of the Named Plaintiffs in recognition of their roles as the Named Plaintiffs;

    c.   Approves Class Counsel's application for an award of attorneys' fees of not more than $210,000.000 and reimbursement of litigation expenses/costs of approximately $400.00;

    d.   Excludes from the Settlement Class those persons who properly and timely have requested exclusion as provided in Fed. R. Civ. P. 23(c)(2)(B)(v); and

    e.   Dismisses the Lawsuit on the merits and with prejudice and permanently bars all Rule 23 Class Members and FLSA Collective Action Members from prosecuting any claims released by the terms of this Settlement Agreement.

**COURT APPROVAL; POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT**

20. This Settlement Agreement may be voided before final approval is sought by motion if any one of the following three independent conditions is met.

    a.   This Settlement Agreement is subject to approval by the Court. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the

option of the party adversely affected thereby.  In order to exercise the option to void the Settlement as provided in this paragraph, a Party must give notice, in writing, to the other Party or Parties (through their respective counsel of record) and to the Court at any time prior to the Parties' filing a motion for final approval of the Settlement and dismissal of all claims with prejudice.

b.  In the event that less than 60% of Class Members timely return executed FLSA Opt-in Forms and become Members of the FLSA Collective Action, this Settlement Agreement may be voided in its entirety in the sole discretion of Defendants before Final Approval is sought.  In order to exercise the option to void the Settlement as provided in this paragraph, Defendant must give notice, in writing, to Plaintiffs (through counsel of record) and to the Court at any time prior to the Court's entry of final approval of the Settlement and dismissal of all claims with prejudice.

c.  If a combined total of more than five percent (5%) of the Class Members request to be excluded from the Settlement Class, then Defendants shall have the option (at their sole discretion) to void this Settlement Agreement.  Defendants may exercise that option only by providing written notice to Class Counsel and the Court prior to the Parties' filing their Joint Motion for Final Approval of this Settlement Agreement.  Upon such notice, this Settlement Agreement shall be void and of no force and effect.

21. If this Settlement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement or the facts and circumstances leading to it including negotiating over its terms, nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit, arbitration, or any other action for any purpose. Furthermore, both the parties and their counsel shall maintain the confidentiality of the settlement negotiations and shall not share such discussions with any potential party or any other individual.

22. In the event this Settlement Agreement is not finally approved by the Court, Defendants shall not be obligated to make any payments to anyone under this Settlement Agreement.

**SETTLEMENT PAYMENTS**

23. Within thirty (30) days after the Settlement Effective Date, Defendants will send by check the amount awarded to Class Counsel in attorney's fees and expenses/costs. Additionally, Defendants or the Administrator with whom Defendants contracts, shall mail, by first class mail, checks made out to the Class Members, for the payment of all Rule 23 Compensation, Liquidated Damages Compensation and Enhancement Awards to be made under this Settlement Agreement.

24. Class Members shall have 90 days after the date on the check to cash their Settlement checks.  If any Class Members do not cash their checks within 90 days after the date on the check and their check is not returned, their checks will be void and a stop-payment will be placed.  Any funds from checks that are not cashed will remain the property of Defendants as provided herein.  In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a Settlement share, but the Settlement Agreement and release contained herein will nevertheless be binding upon them.

25. Ninety days from the date which appears on the Settlement checks, the following funds will become the property of Defendants: (i) Rule 23 Compensation due to Rule 23 Class Members who fail to cash their checks within 90 days from the date which appears on the check, (ii) all funds due to Non-Participating Class Members excluded from the Settlement Class because the Non-Participating Class Members opted out of the Rule 23 Class; (iii) Liquidated Damages Compensation due to Class Members who do not submit a FLSA Opt-in Form to become FLSA Collective Action Members and (iv) Liquidated Damages Compensation due to Class Members who submitted a FLSA Opt-in Form to become FLSA Collective Action Members but who fail to cash their checks within 90 days from the date which appears on the check.

**RELEASE BY THE SETTLEMENT CLASS**

26. Upon final approval by the Court of this Settlement, the Rule 23 Class Members will release their wage and hour claims and all claims brought or that could have been

brought in this litigation as provided herein up to the date this agreement is signed by all Named Plaintiffs and Defendants. The releases will release and be for the benefit of Releasees, defined as follows: (i) Xcel Energy Inc.; (ii) and Public Service Company of Colorado, Inc. d/b/a Xcel Energy; (iii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Xcel Energy Inc. and Public Service Company of Colorado, Inc. d/b/a Xcel Energy; and (iv) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof. The scope of the releases is as follows:

    a.  All Rule 23 Class Members release and fully discharge Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were brought or that could have been brought in this litigation.  This includes all claims for compensation of allegedly uncompensated shift turnover time and associated alleged unpaid wages, and the resulting liquidated damages, interest, penalties or fines, that were asserted or could have been asserted in this lawsuit.  This release includes all federal wage claims other than those under the Fair Labor Standards Act plus all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, claims under state common law and

equitable principles, and express or implied contract claims, arising from the alleged failures set forth above that were brought or that could have been brought in this litigation.

   b. All FLSA Collective Action Members release all claims set forth in paragraph 28(a) above and additionally release all claims under the FLSA that were alleged or that reasonably arise out of the facts alleged in the Lawsuit. Class Members who do not submit a FLSA Opt-in Form and do not become FLSA Collective Action Members do not release their FLSA claims. The effect of the dismissal with prejudice of the Lawsuit on any future FLSA claim brought by any such person will be determined by the court in which any such FLSA claim is brought.

27. In addition, there shall be included language on the back of each check sent to all Class Members stating "I agree to all terms of the Settlement Agreement in *Calvert et. al. v. Xcel Energy Inc. and Public Service Company of Colorado, Inc. d/b/a Xcel Energy* and release all claims alleged therein." The Parties acknowledge and agree that there is a good faith dispute as to whether such amounts for alleged unpaid wages are owing and the Parties agree that the amount paid to each Settlement Class Member represents a good faith compromise of such dispute.

**MUTUAL FULL COOPERATION**

28. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and

taking such other action as may be reasonably necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Settlement.

**ENFORCEMENT ACTIONS**

29. This Settlement Agreement is fully enforceable in the United States District Court for the District of Colorado. The Parties consent to the jurisdiction of that Court to enforce the Settlement.

**NOTICES**

30. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follow:

To the Settlement Class:

Andrew Turner

THE KELMAN BUESCHER FIRM
600 Grant Street- Suite 450
Denver, CO 80203

To the Defendants:

Ryan Lessmann
Stephanie Adler-Paindiris
JACKSON LEWIS P.C.
950 17th St. #2600
Denver, CO 80202

## CONSTRUCTION

31. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

## CAPTIONS AND INTERPRETATIONS

32. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

33. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement. This

Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

34. This Settlement Agreement and attachments constitutes the entire agreement between the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement.  No rights hereunder may be waived except in writing.

## BINDING SCOPE; NO PRIOR ASSIGNMENTS

35.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY

36. It is agreed that, because the Members of the Class are so numerous, it is impossible or impractical and not required to have each Member of the Class execute this Settlement

Agreement.  The Notice of Class Action Settlement, Exhibit A hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Member of the Class.

37. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

38. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

39. The Named Plaintiffs and authorized signatories for each Defendant will sign this agreement before it is filed with the Court as an Exhibit to the Parties' Joint Motion for Preliminary Approval of this Agreement.





**COUNTERPARTS**

41. This Settlement Agreement may be executed in one or more counterparts, and when each of the undersigned has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

**GOVERNING LAW**

42. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Colorado and the United States of America, where applicable.

Agreed this __ day of _____, 2018:

Dated: _7-2-18_     _Nicholas E Calvert_

29

NICHOLAS E. CALVERT, Plaintiff

,

Dated: ___7/9/18___          _____
                             MICHAEL MONTOYA, Plaintiff


Dated: _____     _____
                              PAUL C. URODA, Plaintiff


Dated: _____     _____
                             Andrew Turner
                             Counsel for Named Plaintiffs, Class Counsel


Dated: _____     _____
                             Ryan Lessmann
                             Counsel for Defendants


Dated: _____     _____
                             Defendant, Xcel Energy Inc.
                             By:
                             Its:


Dated: _____     _____
                             Defendant, Public Service Company of Colorado,
                             Inc.
                             By:
                             Its:


Respectfully submitted this ___ day of ____, 2018.

                             JACKSON LEWIS P.C.

                             _s/_____
                             Ryan P. Lessmann
                             950 17th Street, Suite 2600

30

NICHOLAS E. CALVERT, Plaintiff

Dated: _____

_____

MICHAEL MONTOYA, Plaintiff

Dated: 7/11/18

_____

PAUL C. URODA, Plaintiff

Dated: 7/11/18

_____

Andrew Turner
Counsel for Named Plaintiffs, Class Counsel

Dated: 7/13/18

_____

Ryan Lessmann
Counsel for Defendants

Dated: _____

_____

Defendant, Xcel Energy Inc.
By:
Its:

Dated: _____

_____

Defendant, Public Service Company of Colorado,
Inc.
By:
Its:

Respectfully submitted this ___ day of ____, 2018.

JACKSON LEWIS P.C.

_s/_____
Ryan P. Lessmann
950 17th Street, Suite 2600

30

Dated: _____        _____

                                      MICHAEL MONTOYA, Plaintiff


Dated: _____        _____

                                       PAUL C. URODA, Plaintiff


Dated: _____        _____

                                      Andrew Turner
                                      Counsel for Named Plaintiffs, Class Counsel


Dated: _____        _____

                                      Ryan Lessmann
                                      Counsel for Defendants

Dated: _____        _____

                                      Defendant, Xcel Energy Inc.
                                      By: *Kent T Larson*
                                      Its: *EVP & Group President, Operations*


Dated: _____        _____

                                      Defendant, Public Service Company of Colorado,
                                      Inc.
                                      By:
                                      Its:


Respectfully submitted this ___ day of ____, 2018.

JACKSON LEWIS P.C.

*s/* _____
Ryan P. Lessmann
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404

31

Dated: _____        _____
                                  MICHAEL MONTOYA, Plaintiff

Dated: _____        _____
                                  PAUL C. URODA, Plaintiff

Dated: _____        _____
                                  Andrew Turner
                                  Counsel for Named Plaintiffs, Class Counsel

Dated: _____        _____
                                  Ryan Lessmann
                                  Counsel for Defendants

Dated: _____        _____
                                  Defendant, Xcel Energy Inc.
                                  By:
                                  Its:

Dated: July 13, 2018              _____
                                  Defendant, Public Service Company of Colorado,
                                  Inc.
                                  By: Alice K. Jackson
                                  Its: President, Xcel Energy – Colorado

Respectfully submitted this ___ day of ____, 2018.

JACKSON LEWIS P.C.

s/
_____
Ryan P. Lessmann
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404

31